FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 NOV -2  PM 1: 15

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

JERRY RIDGEWAY AND SHAMGOOD THOMAS,

Plaintiffs,

-v-

**DECISION AND ORDER**
07-CV-0288A(M)

R. RENDLE and B. DROLLETTA,

Defendants.

## INTRODUCTION

Plaintiff, Jerry Ridgeway, whom the Court presumes was recently an inmate or pre-trial detainee at either the Erie County Holding Center or Erie County Correctional Facility, and is not, according to the complaint, incarcerated or detained at this time, has filed a complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Ridgeway's sole allegation is that defendant "C.O. B. Drollitta" broke his "right pinkie finger" and defendant R. Rendle "was assisting." There are absolutely no allegations as to plaintiff Shamgood Thomas nor has he filed an application to proceed *in forma pauperis*. For the reasons discussed below, plaintiff Ridgeway's request to proceed as a poor person is granted and the complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## DISCUSSION

Because Ridgeway has met the statutory requirements of 28 U.S.C.

§ 1915(a), plaintiff is granted permission to proceed *in forma pauperis.*  Section

1915(e)(2)(B) of 28 U.S.C. require the Court to conduct an initial screening of this

complaint.  In evaluating the complaint, the Court must accept as true all of the

factual allegations and must draw all inferences in plaintiff's favor.  *See Larkin v.*

*Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189

F.3d 284, 287 (2d Cir. 1999).  "To survive dismissal, the plaintiff must provide the

grounds upon which his claim rests through factual allegations sufficient 'to raise

a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar*

*Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ---

U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "To state a valid

claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged

conduct (1) was attributable to a person acting under color of state law, and (2)

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution

or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405

(2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Based on its evaluation of the complaint, the Court finds that Ridgeway's claims

must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) because they fail to

state a claim upon which relief may be granted.

2

Ridgeway's claim, construed in the most liberal way possible, alleges, depending on whether he was a convicted, incarcerated inmate or a pre-trial detainee at the time of the event in question, either an excessive force claim under the Eighth Amendment to the United States Constitution or an excessive force claim under the Due Process Clause of the Fourteenth Amendment. The standards under either Amendment, however, are the same. See *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999) (The court applies the same standard of law to excessive force claims brought by pretrial detainees, which arise under the Fourteenth Amendment rather than the Eighth).

Recently, the United States Court of Appeals for the Second Circuit summarized the standards of an excessive force claim against correctional officers:

> An official's use of force violates the Eighth Amendment when two requirements are met: the use of force "must be, objectively, sufficiently serious," and "the prison official involved must have a sufficiently culpable state of mind." "The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." "[S]ome degree of injury is ordinarily required" to satisfy this standard, but the injury need not be "serious" or "significant" "as long as the amount of force used is not de minimis." The subjective standard is satisfied where an inmate shows "that the prison officials involved 'had a "wanton" state of mind when they were engaging in the alleged misconduct,'" which "turns upon 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"

*Bellotto v. County of Orange*, NO. 06-1185-PR, 2007 WL 2808028 (2nd Cir. Sep. 26, 2007) (Summary Order) (citations omitted).

3

As noted, Ridgeway's complaint alleges nothing more than that defendant Drollitta broke his pinkie finger and defendant Rendle assisted Drollitta. Clearly, this does not state a claim upon which relief can be granted. *See ATSI Communications, Inc.*, 493 F.3d at 98 (to avoid dismissal "plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (citation omitted). There are no allegations or inferences that can be drawn that the alleged injury was "serious" or "significant," *Walsh*, 194 F.3d at 50, nor that defendants had a "wanton state of mind" or applied force "'maliciously and sadistically to cause harm.'" *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir.1993) (citation omitted). Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

## CONCLUSION

Plaintiff Ridgeway has met the statutory requirements of 28 U.S.C. § 1915(a) Accordingly, his request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

4

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff Ridgeway's request to proceed *in forma pauperis* is granted and his motions for appointment of counsel (Docket Nos. 3-4) are denied as moot;

FURTHER, that the complaint is dismissed, in its entirety, with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:      Nov. 1    , 2007